ADAMS, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MYRON A. FRANCIS, | ) | |
| | ) | CASE NO. 1:16CR69 |
| Petitioner, | ) | 1:19CV212 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Myron Francis' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.   Doc. 66. Francis has also filed a motion seeking the appointment of counsel related to his § 2255 motion. Doc. 67. Both motions are DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Francis frames his arguments as nine grounds for relief in his petition.   However, Francis solely asserts arguments that his trial counsel was ineffective at different stages of the proceedings. The Court now reviews those contentions.

Francis' burden to establish an ineffective assistance of counsel claim is two-fold. Under

the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Francis must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Francis must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

1. <u>Ground One</u>

In his first ground for relief, Francis contends that his counsel failed to investigate and call witnesses on his behalf that would have offered favorable testimony. Specifically, Francis contends that several witnesses would have provided testimony that indicated one of the witnessed that identified him as the person that robbed the bank provided false testimony. Francis offered only his own self-serving affidavit to suggest that these witnesses would testify as he proposed.

However, even accepting this fact, Francis failed to demonstrate any prejudice.   In addition to the witness Francis claims should have been challenged, four other witnesses identified Francis as the individual that robbed the bank.  The Government also produced videos and photographs that corroborated the witnesses that identified Francis as the perpetrator.  As such, Francis cannot demonstrate any prejudice from the failure to challenge one witness.[1]

2.  <u>Ground Two</u>

Francis next contends that his trial counsel failed to respond to requests for his entire case to assist in preparing the instant motion. Francis, however, has not explained what documents he does not have in his possession and has not offered any arguments that he could not pursue due to a lack of documents.     Accordingly, his second ground for relief lacks merit.

3.  <u>Ground Three</u>

In his third ground for relief, Francis next contends that his counsel failed to advise him of the benefits of accepting a plea agreement rather than proceeding to trial.   However, during the final pretrial in this matter, the Court inquired about plea negotiations and counsel responded:

> Your Honor, the government did attempt to call and negotiate and discuss a plea agreement with us. It's been Mr. Francis's position, though, since the time I've represented him that he had no interest in a plea agreement and wishes to proceed to trial.

Doc. 71 at 4.   This statement also highlights that Francis' trial counsel was not his only attorney in this matter.   In fact, the record reflects that a written plea agreement was offered to Francis prior to the superseding indictment.   At that time, Francis was represented by Attorney Damian Billak. Within his pending motion, Francis has made no assertions that Attorney Billak was ineffective at

---

1 Within this claim, Francis mentions Mr. DiFebbo, but he does not elaborate in ground one on what testimony Mr. DiFebbo would have provided.   To the extend that he references Mr. DiFebbo's purported testimony in other grounds for relief, the Court will address those arguments in the subsequent grounds for relief.

any stage.   Instead, he contends that his trial counsel, Attorney Robert Duffrin, was ineffective. As demonstrated above, the record reflects that Francis time and again demanded to proceed to trial.   Accordingly, the record does not support his contention that he was uninformed about the impact of a plea agreement.   Moreover, there is nothing in the record to demonstrate that Francis would have pleaded guilty had he received different counsel.   To the contrary, despite having representation from different counsel over the course of his case, Francis steadfastly maintained his desire to proceed to trial.   As such, his third ground for relief lacks merit.

       4.   <u>Ground Four</u>

In his fourth ground for relief, Francis contends that his counsel was ineffective for failing to seek to suppress evidence that resulted from the search of Mr. DiFebbo's home.   Francis contends that the search was conducted in violation of his Fourth Amendment rights.   However, during trial, Detective Edward Zigman testified as follows with respect to his encounter with Mr. DiFebbo: "He also gave us consent to search and we looked through the house." Doc. 61 at 98. Similar to his first ground for relief, Francis offers only his own self-serving affidavit to suggest that Mr. DiFebbo would have offered a statement contradicting the sworn testimony of Detective Zigman.   Similarly, Francis has not offered any argument as to how suppression of the evidence found in Mr. DiFebbo's home would have altered the result of his trial.   As there was overwhelming evidence of Francis' guilt that was in no way tainted or impacted by the search of Mr. DiFebbo's home, Francis again fails to demonstrate prejudice.   His fourth ground for relief lacks merit.

       5.   <u>Ground Five</u>

In his fifth ground for relief, Francis contends that his counsel erred by failing to object and argue that the Government had failed to prove that Huntington bank was "a financial institution

within the meaning of Title 18 U.S.C. § 20, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC."  However, Francis stipulated to this fact.  Doc. 34. Contrary to Francis' passing contention, there is nothing in the record to suggest he was coerced into signing such a stipulation.   Accordingly, his fifth ground for relief lacks merit.

6. <u>Ground Six</u>

In his sixth ground for relief, Francis reiterates the assertions in his first ground for relief. Namely, Francis again asserts that he had witnesses available to contradict or undermine the identification testimony of one of the five witnesses that identified him.   As noted above, Francis did not offer an affidavit from any of these proposed witnesses.  Moreover, he has failed to demonstrate prejudice given that four other independent witnesses identified him as the individual that robbed the bank.   Francis' sixth ground for relief lacks merit.

7. <u>Ground Seven</u>

In his seventh ground for relief, Francis contends that his counsel erred by failing to object to testimony that indicated that he had a firearm when he robbed the bank.   Francis does not offer any legal theory as to why this evidence warranted an objection.  Instead, Francis appears to contend that because his version of events does not include him owning a firearm, his counsel was obligated to object to eyewitness testimony that claimed to witness him with a firearm.   As there is no legal basis to object to the firsthand account of an eyewitness, counsel was not deficient for failing to object.    Francis' seventh ground for relief lacks merit.

8. <u>Ground Eight</u>

In his eighth ground for relief, Francis contends that his counsel was ineffective for failing to challenge his status as a career offender during sentencing.   This Court found Francis to be a career offender, and Francis' sentence was affirmed on appeal.   Within his petition, Francis has

not identified any error in the Court's analysis.   While Francis describes the categorical approach and the modified categorical approach, he has offered no law or persuasive argument that he was improperly classified as a career offender.   Accordingly, his eight ground for relief lacks merit.

9.  <u>Ground Nine</u>

In his final ground for relief, Francis appears to raise some argument regarding his counsel's failure to present evidence surrounding the 911 call that he believes exonerates him. However, the 911 call was played to jury and offered as Government Exhibit 9.   Doc. 61 at 61. To the extend that Francis believes a transcript of the call should also have been offered, this Court would not have permitted such evidence to be submitted to the jury.   The 911 call audio was clear and could easily be heard by the jury.   As such, there was no basis to submit a transcript of the call.   Francis' final ground for relief lacks merit.

**CONCLUSION**

Francis' motion is DENIED.   Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 30, 2020_____                                     /s/John R. Adams_____
Date                                                                            John R. Adams
                                                                                   U.S. District Judge