UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16-cr-00069 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| MYRON A. FRANCIS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolves Doc. 98) |
| | ) | |

This matter is before the Court on the *Defendant's Motion for Compassionate Release* (Doc. 98) (the "Motion") filed by *pro se* Defendant Myron Francis ("Francis"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Compassionate Release* (Doc. 102) (the "Response").

For the reasons stated below, the Motion is DENIED.

I. BACKGROUND

A federal grand jury charged Francis with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Doc. 14. A jury found Francis guilty. Doc. 39.

At sentencing, the Court applied a guideline range of 262–300 months based on an offense level of 34 and a criminal history category of VI, which were both based on Francis' status as a career offender due to his two prior felony convictions for crimes of violence. Doc. 46 at p. 6, ¶ 24. The Court sentenced Francis to 262 months' imprisonment. Doc. 51.

Since his sentencing, Francis has made several unsuccessful attempts at release from imprisonment, including two appeals to the Sixth Circuit, a motion to vacate under 28 U.S.C. § 2255, and a prior motion for compassionate release due to the threat of COVID-19. He now seeks

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on numerous health conditions and his wife's need for medical assistance. He argues that the § 3553(a) factors further weigh in favor of his release.

## II. LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). It is unclear based on the filings in this case whether Francis submitted requests to the Bureau of Prisons or appealed any failure of the Bureau of Prisons to bring a motion for compassionate release on his behalf. However, Francis states he submitted two requests to the warden (Doc. 98 at p.1) and the Government does not dispute the Motion on procedural grounds, therefore the Court assumes this first requirement is satisfied.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling" circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022). In November 2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, providing for its application to motions for compassionate release filed by defendants. *United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably here, the policy statement sheds light upon "extraordinary and compelling" reasons and adds new guidance as to when medical and family circumstances may be considered. *See* U.S.S.G. §§ 1B1.13(b)(1), (3).

### A. Francis' Medical Conditions

Francis lists several of his medical conditions in support of the argument that his circumstances are "extraordinary and compelling." Francis indicates he is elderly and suffers from prostate cancer that is in remission, type 2 diabetes, high blood pressure, back pain, and a projected 10-year life span from an unknown oncology department. Doc. 98 at p. 1.

In the Sixth Circuit, "extraordinary and compelling" reasons have historically "encompassed changes in fact–like terminal illness and family emergencies–largely unforeseeable at sentencing." *McCall*, 56 F.4th at 1060. While medical conditions that increase the risk of severe illness may demonstrate "extraordinary and compelling" reasons, the "threshold is not met when an otherwise healthy defendant seeks compassionate release on the basis of well-controlled medical conditions." *United States v. Bass*, 843 F. App'x, 733, 735 (6th Cir. 2021). Francis presents several medical conditions, however, he states his cancer is in remission [therefore suggesting it is well-controlled] and he presents no statement or evidence that his other conditions are unmanaged. Further, the Government reviewed Francis' medical records in preparation of the

3

Response, and it indicates Francis has been consistently treated for his well-controlled medical conditions. Doc. 102 at p. 6. Accordingly, Francis' medical conditions do not rise to the level of "extraordinary and compelling" reasons warranting his compassionate release. *See Bass* at 735.

### B. Francis' Family Circumstances

Francis also states that his wife is in failing health, and requires his care for her lung cancer, which is in remission, and compromised breathing due to her left lung being removed. Doc. 98 at p. 2. He also makes an unsupported statement that his wife's projected life span is about 5 years. *Id.*

Like medical conditions of the defendant, family circumstances may demonstrate "extraordinary and compelling" reasons with the proper evidence. *See United States v. Beard*, No. 22-3767, 2023 U.S. App. LEXIS 8405, at *5 (6th Cir. April 7, 2023). With respect to care of a family member, a defendant seeking compassionate release should submit evidence as to whether the person has access to another caretaker, records to substantiate their health condition(s), and the extent of care the individual requires. *Id.* The policy statement specifically indicates the incapacitation of defendant's spouse as an "extraordinary and compelling" reason only when the defendant would be the only available caregiver. 18 U.S.C. Appx. § 1B1.13(b)(3)(B). Francis provided no additional statement or evidence about his wife's condition(s) and whether other care is available or how he would provide care if released, therefore her circumstances also do not rise to the level of "extraordinary and compelling" reasons warranting Francis' compassionate release. *See Beard*, at *5.

### C.  The Section 3553(a) Factors

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Francis has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Francis asks the Court to consider his rehabilitation efforts, including his participation in many education classes, anger management conflict management, and others. Doc. 98 at pp. 1–2. The Court recognizes and commends Francis for his commitment to personal improvements while incarcerated. However, upon consideration of all applicable § 3553(a) factors, the Court has determined that release is not warranted in light of the circumstances of Francis' case.  Most relevant here is the nature of the offenses and the need of the sentence to promote respect for the

law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Francis, a career offender, put lives in jeopardy when he held two bank employees at gunpoint and ultimately robbed the bank of over $5,000. Doc. 46 at p. 3, ¶¶ 4–5. This was a serious offense and one that can have mental health implications on victims and bystanders long into the future. Further, Francis' criminal history is troubling. His first arrest occurred at age 14 when he was convicted of auto theft. Doc. 46 at p. 6, ¶ 29. Francis' criminal inclinations quickly ramped up in adulthood and he accrued over 15 more arrests before the underlying charge in this case. Doc. 46 at pp. 7–13, ¶¶ 30–44. His history includes arrests for armed robbery, aggravated burglary, prior federal charges for both armed bank robbery and bank robbery, domestic violence, and theft. *Id.* Francis has spent most of his adult life in custody or on probation or supervised release. This pattern shows he lacks respect for the law and has yet to be deterred from illegal activity. Accordingly, the Court finds that the safety of the public and the seriousness of his offense weigh heavily against release. Further, Francis' age may be considered as part of his history and characteristics. *See United States v. Sherrill*, 972 F.3d 752, 775 (6th Cir. 2020). Francis was 71 at the time the Motion was filed.[1] This fact does not outweigh the other relevant § 3553(a) factors described herein.

At the time of sentencing, the Court considered the applicable factors and determined that a 262-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court finds the same today.

---

[1] Francis makes a conclusory statement in the Motion that he is "elderly," but does not note his age. However, the Court obtained his birth date from the identifying date in the record. Doc. 46 at p. 2.

### III. CONCLUSION

Francis does not present "extraordinary and compelling" circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Defendant's Motion for Compassionate Release* (Doc. 98) is DENIED.

Date: May 14, 2025                                   /s/ John R. Adams
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE